UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 06-20327-CIV-COOKE/BROWN

SYLVIA KAPLUN,

    *Plaintiff*,

v.

ROSS LIPTON, *et al.*,

    *Defendants*.

_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FINAL JUDGMENT AGAINST CORPORATE DEFENDANTS

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Final Judgment (DE 47), filed January 15, 2007.  On September 26, 2006, this Court issued an Order Granting Plaintiff Counsel's Motion to Compel Defendants to Retain Counsel.  See DE 43.  In that Order, the Court instructed Defendants Dry Cleaners World, Inc., South Beach Express Dry Cleaners, Inc., Stop & Go Cleaners, Inc., Beach Express Dry Cleaners, Inc., and Normandy Cleaners, Inc. (hereafter the "corporate Defendants") that they must retain counsel within twenty days of the date of the Order.  See Palazzo v. Gulf Oil Corp., 764 F.2d 1381 (11th Cir. 1985) (holding that a corporate entity must be represented by licensed counsel).  As of November 7, 2006, the corporate Defendants had yet to retain appropriate counsel.  Consequently, on November 7, 2006, the Court directed the corporate Defendants to show cause, by November 22, 2006, why the Court should not impose sanctions for their failure to comply with the September 26, 2006 Order.  See DE 45.  The November 7, 2006 Order to Show Cause also forewarned the corporate

Defendants that their failure to comply would result in the immediate imposition of sanctions including entry of default. See id. Nevertheless, as of January 11, 2007 the corporate Defendants had yet to retain appropriate Counsel or otherwise respond to this Court's November 7, 2006 Order to Show Cause; therefore, on January 11, 2007 the Court entered a Default Judgment against the corporate Defendants.

In the present Motion, Plaintiff Sylvia Kaplun ("Plaintiff" or "Kaplun") requests that this Court enter a final judgment, in the amount of $8,752, against the corporate Defendants. As part of this Motion, Counsel for Plaintiff provided this Court with an Affidavit from Sylvia Kaplun detailing the judgment requested. In her Affidavit, Ms. Kaplun stated that she worked for corporate Defendant Stop & Go Cleaners, however, Ms. Kaplun did not attest that she worked for corporate Defendants DryCleaners World, Inc., South Beach Express Dry Cleaners, Inc., Beach Express Dry Cleaner's, Inc., or Normandy Cleaners, Inc. Consequently, on January 17, 2007 this Court directed Plaintiff to file the supplemental documentation necessary to substantiate her entitlement to damages against all of the corporate Defendants in this action. See DE 53. In response to that Order, Plaintiff contends that she is entitled to judgment against all of the corporate Defendants pursuant to the Fair Labor Standard Act's ("FLSA") enterprise coverage theory. Section 207(a)(2) of the FLSA states:

> No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce. . .for for a workweek longer than forty hours . . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(2). The FLSA defines the term "enterprise" as "the related activities

performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor." 29 U.S.C. § 203(r)(1). Thus, the following three elements must coexist if corporate defendants are to be considered a single enterprise for purposes of the FLSA: (1) related activities; (2) unified operation or common control; and (3) a common business purpose.  Brennan v. Veterans Cleaning Service, Inc., 482 F.2d 1362, 1366 (5th Cir. 1973).[1]  In Brennan, the Fifth Circuit established that the term "related activities" encompasses activities which are the same or similar such as those of the individual retail or service stores in a chain or departments of an establishment operated through leasing arrangements.  The court also found that the term encompassed auxiliary and service activities such as central office and warehousing activities and bookkeeping, auditing, purchasing, advertising, and other services.  Id.  Additionally, the court stated that activities are related when they are part of a vertical structure such as the manufacturing, warehousing, and retailing of a particular product under unified operation or common control for a common business purpose.  Id.

In the present action, Plaintiff directed this Court to examine the deposition testimony of Alan Lipton to establish that the corporate Defendants fall which establishes the following: (1) South Beach Express Dry Cleaners, Inc., Stop & Go cleaners, Inc., Beach Express Dry Cleaners,

---

[1] Pursuant to Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), cases decided by the Fifth Circuit prior to September 30, 1981, are binding precedent in the Eleventh Circuit.

Inc., Normandy Cleaners, Inc. and DryCleaners World, Inc. are interconnected businesses; (2) DryCleaners World, Inc. functions as the main dry cleaning office where all the dry cleaning is actually performed; (3) South Beach Express Dry Cleaners, Inc., Stop & Go cleaners, Inc., Beach Express Dry Cleaners, Inc., and Normandy Cleaners, Inc. are satellite customer drop off locations for DryCleaners World, Inc.; (4) Once a customer drops off clothing at one of the satellite locations the clothing is delivered to DryCleaners World, Inc. where the clothing is dry cleaned; (5) After clothing is dry cleaned at DryCleaners World, Inc. the clothing is then returned to one of the satellite drop locations (i.e. South Beach Express Dry Cleaners, Inc., Stop & Go cleaners, Inc., Beach Express Dry Cleaners, Inc., or Normandy Cleaners, Inc.) for customer pickup; (6) Alan Lipton was responsible for paying for the operating expenses of the corporate Defendants; (7) Alan Lipton was responsible for the bookkeeping for the corporate Defendants; and (7) Alan Lipton was responsible for paying the employees' wages . Alan Lipton Dep. at 11-15.  Plaintiff also provided this Court with copies of twenty seven checks in which the payee is listed as Sylvia Kaplun and the payor is DryCleaning World, Inc.  See P's Supp. Memo. Ex. 1.  Against these facts it seems apparent that the corporate Defendants qualify as an enterprise for purposes of the FLSA.  The activities of the corporate Defendants are related, the corporate Defendants function as a unified operation with common control held by the Liptons, and the corporate Defendants have a common business purpose.

      However, a finding of enterprise coverage does not necessarily compel a finding of joint liability under the FLSA.  In Patel v. Wargo, 803 F.2d 632 (11th Cir. 1986) the Eleventh Circuit concluded that the enterprise analysis is different from the analysis of who is liable under the FLSA.  "The finding of an enterprise is relevant only to the issue of coverage.  Liability is based

on the existence of an employer-employee relationship." Id. at 637-38. In reaching this conclusion, the Patel court stated:

> There is no case holding that the individual entities which make up an enterprise should be jointly and severally liable for another entity's employees solely because they are members of the enterprise. In other words, there is no case which holds that the analysis of liability under the FLSA is the same as the analysis of the existence of an enterprise under the FLSA. We hold that the two analyses are and should be different . . . There is no suggestion in the language of the statute that an employer is responsible to other employers' employees, unless of course there is a joint employer relationship.

Id. at 635-36 (citations omitted). Thus, in order for all the corporate Defendants in this action to be liable for Plaintiff's overtime claim Plaintiff must establish their liability as her employer through a joint employer analysis. However, Plaintiff has failed to do so. In fact, Plaintiff did not present any evidence or arguments to substantiate an allegation of joint employment amongst the corporate Defendants. Therefore, the Court finds that default judgment is only appropriate as to Stop & Go Cleaners, Inc. as Stop & Go Cleaners, Inc. is the only corporate Defendant which Plaintiff attested to have worked for during the relevant period. See P. Aff.

As previously discussed, Plaintiff provided copies of checks made out to her from DryCleaners World, Inc., however, Plaintiff failed to provide any affidavits or other evidence detailing what these payments were made for. Moreover, Plaintiff failed to provide sufficient analysis or evidence to establish that DryCleaners World, Inc. was her employer or a joint employer along with Stop & Go Cleaners, Inc. As a result, the corporate structures and interrelation of Stop & Go Cleaners, Inc. and DryCleaners World, Inc remain unclear. Consequently, Plaintiff has failed to establish her entitlement to judgment against Defendant DryCleaners World, Inc. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Final Judgment (DE 47) is **GRANTED IN PART**.

2. Judgment in the amount of $8,752 is entered in favor of Plaintiff and against corporate Defendant Stop & Go Cleaners, Inc.

3. Within five days of the date of this Order Plaintiff may file an appropriate motion for default final judgment against DryCleaners World, Inc. However, Plaintiff is advised that any such motion must be accompanied by appropriate joint employer analysis and evidentiary support. Meaning, Plaintiff must provide sufficient argument and evidence to substantiate the allegation that DryCleaners World, Inc. is liable for her overtime claims. This Court will not enter a judgment against DryCleaners World, Inc. without the necessary evidentiary support.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of March, 2007.

_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*All Counsel of Record*
*Dry Cleaners World, Inc.*
*South Beach Express Dry Cleaners, Inc.*
*Stop & Go cleaners, Inc.*
*Beach Express Dry Cleaners, Inc.*
*Normandy Cleaners, Inc.*
*Alan Lipton, pro se*
*Ross Lipton, pro se*
*Donna Lipton, pro se*